IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHARON E. VELASQUEZ,**

       **Plaintiff,**

v.                                                                        **CIV-04-0911 LAM**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

       **Defendant.**

# **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on *Plaintiff's Motion to Reverse Or Remand Administrative Agency Decision* (*Doc. 10*). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. Plaintiff contends that the ALJ erred at step four of the sequential analysis. Specifically, Plaintiff asserts that the ALJ: (1) erred in his analysis of Plaintiff's credibility; (2) erred in considering Plaintiff's job as an ordinary bank teller as past relevant work; (3) ignored the testimony of the vocational expert that Plaintiff could not perform her past work; (4) disregarded the opinion of Dr. Peter Stern; and (5) failed to evaluate the effects of Plaintiff's obesity. Additionally, in her reply, Plaintiff added complaints alleging that the ALJ failed to distinguish between the functional requirements of Plaintiff's past relevant work and her residual physical capacity; and deprived the Plaintiff of a proper evaluation by not going to step five. Plaintiff asks the Court to reverse the Commissioner's decision and render a fully favorable decision, or in the alternative, remand the case for a new hearing. Defendant argues that the ALJ applied the correct legal standards and correctly determined that Plaintiff is not disabled based on substantial evidence.

The Court has reviewed Plaintiff's motion and the memorandum in support of the motion (*Doc. 11*), Defendant's response to the motion (*Doc. 12*), Plaintiff's reply to the response (*Doc. 13*), and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*"). For the reasons set forth below, the Court **FINDS** that the decision of the Commissioner of Social Security (hereinafter "Commissioner") should be **AFFIRMED** and Plaintiff's motion **DENIED.**

## I. Procedural History

On January 19, 1999, Plaintiff, Sharon E. Velasquez, applied for Disability Insurance Benefits (*R. at 50-52*), and Supplemental Security Income *(R. at 286-288)* (with a protected application date of December 23, 1998). In connection with her application, she alleged a disability since April 4, 1995. (*R. at 49, 50, 286.*) In connection with her application, Plaintiff alleged a disability due to pain in her lower back and left leg caused by spinal stenosis. (*R. at 60, 62.*) There is also some evidence in the *Record* that Plaintiff suffers from, or complains of, mild obesity. *(R. at 31, 32.)* Plaintiff's application was denied at the initial and reconsideration levels. (*R. at 31, 32.*)

An administrative law judge (hereinafter "ALJ") conducted a hearing on February 7, 2001. (*R. at 299-342.*) Plaintiff was present and testified at the hearing. (*R. at 306-332.*) Plaintiff was represented by counsel at the hearing. (*R. at 301.*) On April 24, 2001, the ALJ issued his decision in which he found that Plaintiff was not disabled at step four of the five-step sequential evaluation process set forth in 20 C.F.R. §§ 416.920 and 404.1520. (*R. at 18-26.*) The ALJ found that Plaintiff's medically determinable spinal stenosis and facet degeneration did not prevent her from performing her past relevant work as a vault teller and cashier. *(R. at 26.)* Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council but the Appeals Counsel denied her request for

review on March 1, 2002. *(R. at 6-8.)* Plaintiff then filed an appeal with the United States District Court for the District of New Mexico and on June 9, 2003, United States Magistrate Judge Robert H. Scott remanded Plaintiff's case to the Commissioner "for reconsideration of Plaintiff's ability to perform her past relevant work." *(R. at 378; Velasquez v. Barnhart,* CIV. No 02-0483 RHS.*)* Upon remand by the Court, the Appeals Council vacated the ALJ's decision of April 24, 2001 and remanded the case to a different ALJ for further proceedings consistent with the order of the Court. *(R. at 380.)*

On November 18, 2003, a different ALJ conducted a supplemental hearing. *(R. at 405-422.)* Plaintiff was present and testified at the hearing. *(R. at 410-411.)* Plaintiff was represented by counsel at the hearing. *(R. at 407.)* On January 14, 2004, the ALJ issued his decision in which he found that Plaintiff was not disabled at step four of the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. *(R. at 349-358.)* The ALJ made the following findings, *inter alia*, with regard to Plaintiff: (1) claimant met the non-disability requirements for a period of disability and Disability Insurance Benefits and was insured for benefits through December 31, 2000; (2) claimant has not engaged in substantial gainful activity since the alleged onset of disability; (3) claimant has "severe" impairments pursuant to the requirements in 20 C.F.R. §§ 416.921and 404.1521; [1] (4) these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (5) the claimant's allegations regarding her limitations are not totally credible; (6) the claimant has the residual functional capacity

---

[1]The ALJ found that Plaintiff had the severe impairments of spinal stenosis and facet degeneration. (*R. at 355.*) Under relevant Social Security regulations, an impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 416.921 and 404.1521.

(hereinafter "RFC") to perform the requirements of light work[2] except she cannot balance, cannot climb ladders or scaffolds, and cannot work at unprotected heights; claimant can lift and carry 10 pounds frequently and 20 pounds occasionally, and she can sit, stand or walk for up to 6 hours in an 8 hour day; (7) claimant's past relevant work as cashier did not require the performance of work-related activities precluded by her residual functional capacity; (8) claimant's medically determinable spinal stenosis and facet degeneration do not prevent the claimant from performing her past relevant work; (9) the claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision.

After the ALJ issued his decision, Plaintiff filed a request for review. (*R. at 348.*) On June 18, 2004, the Appeals Council issued its decision denying her request and upholding the decision of the ALJ. (*R. at 343-345.*) On August 12, 2004, Plaintiff filed her complaint in this action. (*Doc. 1.*)

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *See, e.g., Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004);

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567 and 416.967.

*Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). This Court's assessment is based on a meticulous review of the entire record, where the Court can neither re-weigh the evidence nor substitute its judgment for that of the agency. *See Hamlin*, 365 F.3d at 1214; *see also Langley*, 373 F.3d at 1118. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (internal quotations and citations omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (internal quotations and citations omitted); *see also Hamlin*, 365 F.3d at 1214.

A claimant has the burden of proving his or her disability *(Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)), which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Secretary has established a five-step process for evaluating a disability claim. *Bowen v. Yuckert*, 482 U.S. 137 (1987). At the first four levels of the sequential evaluation process, the claimant must show that he or she is not engaged in substantial gainful employment; he or she has an impairment or combination of impairments severe enough to limit his or her ability to do basic work activities, and his or her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. §§ 404.1520 and 416.920. *See Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir. 1988). At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his or her residual functional capacity (hereinafter

5

"RFC"), age, education, and prior work experience. *See Gatson v. Bowen*, 838 F.2d 442, 446 (10th Cir. 1988).

## **III.  Plaintiff's Age, Education, Work Experience and Medical History**

At the time of the supplemental hearing, Plaintiff was fifty-six years old and, therefore, defined as a "person of advanced age." 20 C.F.R. §§ 404.1563(e) and 416.963(e). Plaintiff completed eighth grade, obtained a GED, and took some special banking classes. *(R. at 68, 308, 414.)* During the fifteen year period prior to the ALJ's decision, Plaintiff worked as a supermarket cashier and a bank teller. *(R. at 63, 75.)*

Plaintiff testified that she has been unable to work since April 4, 1995 following an injury at work when she lifted a bag of flour from a customer's grocery cart. *(R. at 104, 308.)* Since the injury, Plaintiff has had continuous back pain, leg pain, and weakness which is exacerbated by walking, sitting or standing for lengthy periods. *(R. at 312-316.)* Plaintiff also testified that she cannot climb stairs, kneel, squat or bend due to pain. *(R. at 316-317.)* She stated she is limited to walking less than half a block, sitting or standing for ten to fifteen minutes and lifting five to ten pounds. *(Id.)*

Plaintiff consulted Alan R. Jakins, M.D. on April 10, 1995 and x-rays taken of Plaintiff's lumbar spine were "unremarkable." *(R. at 106.)* Dr. Jakins prescribed a muscle relaxant and physiotherapy. *(R. at 105.)* On April 24, 1995, Dr. Jakins changed Plaintiff's medication and physical therapy was continued. *(R. at 103.)* On May 8, 1995, he ordered an MRI which was interpreted as showing a mild bulge at the L4-5 disc space. *(R. at 98, 250.)*

Orthopedic surgeon Robert A. Peinert, Jr., M.D. examined Plaintiff on June 24, 1995 and his impression was of either traumatic discopathy or chronic facet joint irritation. *(R. at 250-253.)*

Dr. Peinert prescribed pain medication and aquatic therapy and opined that Plaintiff was capable of sedentary work at that time.  *(R. at 252-253.)*  Dr. Peinert referred Plaintiff to David Hagstrom, M.D., an anesthesiologist and pain management specialist, for facet injections which provided only short term relief of pain.  *(R. at 107-108, 151-156.)*  On December 21, 1997, Dr. Peinert indicated on a workers' compensation form that Plaintiff had been unable to work since her injury and that her return to work was "undetermined pending surgery."  *(R. at 219.)*  Dr. Peinert closed his office on April 5, 1999 and referred Plaintiff to Michael McCutcheon, M.D., an orthopedic surgeon, who examined Plaintiff on July 13, 1999.  *(R. at 200, 264.)*  Dr. McCutcheon found that the "patient's history and clinical findings are consistent and do give evidence to support the complaints."  *(Id.)*  However, he also found that the "prognosis for continued spontaneous recovery remains good," and he opined Plaintiff was not a good candidate for surgery and that she had a ten percent impairment as a result of her injury.  *(Id.)*

Plaintiff also underwent two independent medical evaluations.  On February 12, 1998, J. William Wellborn, M.D. expressed doubts that Plaintiff's symptoms were attributable to spinal stenosis and concluded "she could work at a light work category."  *(R. at 131-135.)*  On October 8, 1999, Deborah J. Schenck, M.D. found that Plaintiff had chronic low back pain and some spinal stenosis, but "[d]espite complaints of pain, this client has good function and should be capable of light to moderate work."  *(R. at 267.)*

## IV.  Discussion/Analysis

On June 9, 2003, United States Federal Magistrate Judge Robert H. Scott remanded Plaintiff's case to the Commissioner "for reconsideration of Plaintiff's ability to perform her past relevant work." *(R. at 378.)*   Upon remand by the Court, the Appeals Council vacated the ALJ's decision of April 24, 2001 and remanded the case to a different ALJ for further proceedings consistent with the order of the court. *(R. at 380.)* A hearing on remand must address the problems identified by the court but the Commissioner is not necessarily limited to considering only those issues. 42 U.S.C. § 405(g).  Because the first decision was vacated, the second ALJ conducted a supplemental hearing and a new five-step sequential evaluation as set forth in 20 C.F.R. §§ 416.920 and  404.1520. *(R. at 405-422, 349-358.)*  This Court meticulously reviewed and considered the entire administrative record pursuant to the standard of review stated above, and addresses each of Plaintiff's alleged errors below.

As stated above, Plaintiff alleges that the ALJ erred at step four of the sequential analysis. Defendant argues that the ALJ applied the correct legal standards and correctly determined that Plaintiff is not disabled based on substantial evidence.

### A.  Plaintiff's Credibility

Plaintiff alleges that the ALJ failed to properly assess her credibility regarding her limitations and ignored substantial evidence in the record. *(Plaintiff's Memorandum, Doc. 11 at 11-12.)*  The Court disagrees.

In evaluating a claimant's subjective symptoms, an ALJ's findings on credibility "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).   The Tenth

Circuit requires an ALJ's credibility finding to be linked to substantial evidence. (*Id.*) But *Kepler* does not require a "formalistic factor-by-factor" recitation of the evidence; instead, all that is required is that the ALJ set forth the specific evidence he relies on in evaluating the claimant's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The Tenth Circuit has also "emphasized that credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quotation omitted).

The ALJ considered all of Plaintiff's symptoms and the extent to which Plaintiff's symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence in the record based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929, and *Social Security Ruling 96-7p. (R. at 355.)* In making his assessment of Plaintiff's credibility, the ALJ found that Plaintiff's "allegations regarding her limitations are not totally credible." *(R. at 357.)*

The ALJ found that Plaintiff's allegations regarding her limitations were not totally credible based on inconsistencies between her alleged limitations and the medical record indicating only minimal effects on her ability to work. *(R. at 354.)* "The medical records must be consistent with the nonmedical testimony as to the severity of the pain." *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). After a careful examination and analysis of Plaintiff's medical records, the ALJ examined Plaintiff's activities and noted that

> claimant testified that she had declined surgery, due to the likelihood of success. She stated that she could not lift more than six pounds [on] a regular basis due to strain on her back, but this restriction has not been placed by any treating physician. During the consultative examination it was noted that she had no difficulties sitting for over 45 minutes in the waiting area, sitting for an extended period in the examination and hearing booth, and getting on and off the examination table. She had no difficulty walking up and down the hall or across the parking lot (Exhibit 12F). She is able to

9

> perform household chores including taking out the trash, sweeping, and mopping. She exercises her back as she has been shown by physical therapists. She is able to drive a small car with a standard transmission (Exhibit 5F). Her medication controls her pain very well (Exhibit 11F/40). She does not complain of side effects. The claimant's objective medical findings are minimal. She does continue to experience some pain, but is able to perform significant activities despite her pain.

*(R. at 355.)*

The Court will not reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). The ALJ's finding that Plaintiff's allegations regarding her limitations are not totally credible is supported by substantial evidence in the record.

### B.  Plaintiff's Past Relevant Work and Vocational Expert Testimony

Plaintiff alleges that the ALJ improperly considered her work as an "ordinary bank teller" since that work was done more than 15 years prior to her injury. *(Plaintiff's Memorandum, Doc. 11 at 13.)* Plaintiff also alleges the ALJ ignored the testimony of the vocational expert (hereinafter "VE") that Plaintiff could not perform her past relevant work as a stock checker or vault teller. *(Id.)*

A person who can perform her past relevant work is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Work that was performed more than 15 years prior to the date of the Commissioner's decision is usually considered too remote to be past relevant work. 20 C.F.R. §§ 404.1565(a), 416.965(a).

Plaintiff reported she worked as a bank teller from 1976 to 1980, as a cashier in a grocery store from 1988 to 1989, as a vault teller from 1989 to 1994, and again as a grocery store cashier from 1994 to 1995. *(R. at 75.)* Plaintiff's work as a bank teller was more than 15 years before the ALJ's decision of January 14, 2004, but contrary to Plaintiff's allegations, the ALJ did not find

10

Plaintiff had past relevant work as a bank teller.[3] *(R. at 356, 357.)* The ALJ stated that the "evidence in this case establishes that the claimant has past relevant work as a grocery cashier." *(R. at 356.)* Plaintiff's work as a bank teller and vault teller was discussed at the November 18, 2003 hearing, but that was not the basis for the ALJ's decision that Plaintiff could return to her past relevant work as a grocery cashier. *(R. at 414-421.)* Therefore, Plaintiff's allegation that the ALJ erred in considering Plaintiff's job as an "ordinary bank teller" as past relevant work has no merit.

When assessing Plaintiff's residual functional capacity, the ALJ found Plaintiff retained the capacity "to perform the requirements of light work except she cannot balance and cannot climb ladders or scaffolds. She cannot work at unprotected heights. She can lift and carry 10 pounds frequently and 20 pounds occasionally. She can sit, stand or walk each for up to 6 hours in an 8 hour day." *(R. at 355.)* At the hearing, the ALJ posed a series of hypothetical questions to the VE. *(R. at 415-419.)* In the second hypothetical, the ALJ described Plaintiff's residual functional capacity for light work (with restrictions) and asked the VE if Plaintiff could perform her past relevant work based on the stated limitations. *(R. at 416.)* The VE said, "No, [because Plaintiff] lifted 25 pounds as a cashier checker." *(Id.)* But later in the hearing, the VE clarified her statement, and stated that "[Plaintiff] couldn't do the past relevant work [as she had performed it], but if she performed it as it's performed in the regional economy, she could do it." *(R. at 419.)*

If a claimant has the residual functional capacity to perform the functional demands of a

---

[3]During the November 18, 2003 hearing, there was some confusion as to the difference between the categories of "bank teller" and "vault teller" in the Dictionary of Occupational Titles (hereinafter "DOT") that was clarified by Plaintiff's attorney and the VE. *(R. at 420-421.)* DOT categorizes "teller" (211.362.018) as requiring only light work capacity and "vault teller" (211.382-010) as requiring medium work capacity. *Dictionary of Occupational Titles* (Fourth Edition, Revised 1991).

particular past relevant job **or** the functional demands of the occupation as generally required throughout the national economy, she can be denied benefits at step four. *Andrade v. Secretary of Health and Human Services,* 985 F.2d 1045, 1050-1051 (10th Cir. 1993) (holding that past relevant work includes not only claimant's particular former job, but also claimant's former occupation as it is generally performed in the national economy); *Social Security Ruling 82-61* at *2. In his January 14, 2004 decision, the ALJ specifically found that "the impartial vocational expert testified that based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as cashier/checker as generally performed in the national economy." *(R. at 356.)* The Court finds that the ALJ did not ignore the VE's testimony, as alleged by the Plaintiff, but properly based his findings on the VE's testimony that Plaintiff's past relevant work as a cashier was light work and could be performed by Plaintiff as it is generally performed in the national economy.

### C.  Dr. Stern's Opinion Was Not Disregarded

Plaintiff alleges that the ALJ disregarded Dr. Peter Stern's opinion and gave no explanation for doing so. *(Plaintiff's Memorandum, Doc. 11 at 14.)* Plaintiff claims that Dr. Stern "made observations that were simply ignored" by the ALJ. *(Id.)* The Court disagrees.

In assessing Plaintiff's claim, the ALJ laid out an extensive chronology of Plaintiff's examinations by multiple doctors, the tests conducted and the results, and the opinions and recommendations of the treating and consulting physicians.[4] *(R. at 354.)* The ALJ did not mention

---

[4]The Court finds that the opinions of Plaintiff's treating physician, Dr. Robert A. Peinert, Jr, are not consistent with the findings of the consulting physicians and the medical record in its entirety. Due to this inconsistency, the previous ALJ decision of April 24, 2001 rejected Dr. Peinert's opinion that Plaintiff was unable to engage in any type of work activity and suffered from very severe spinal stenosis. *(R. at 23-24.)* Upon review, Magistrate Judge Scott found that although a treating physician's opinion generally is favored over that of consulting physicians, "[b]ecause there was substantial evidence that was inconsistent with Dr. Peinert's conclusion, the ALJ did not err in

the individual physicians by name, but he did identify each physician or consultation by exhibit number and noted the salient tests, opinions and recommendations of each. *(Id.)* Dr. Stern's examination and recommendations are included in the evaluation and identified as Exhibit 5F. *(Id.)* The ALJ included Plaintiff's evaluation by Dr. Stern, noting that

> [i]n March 1997 the claimant had an independent medical evaluation in conjunction with her worker's compensation claim (Exhibit 5F). . . . Examination revealed normal straight leg raising tests and slightly decreased reflexes (Exhibit 5F). She was diagnosed with low back pain probably due to facet degeneration and lumbar stenosis as well as possible left sacroiliitis (Exhibit 5F). The claimant was advised to continue her home exercise program, reduce her weight, and continue treatment.

*(R. at 354.)*

An ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6). Dr. Stern was a consulting physician who saw Plaintiff one time for an independent medical evaluation in conjunction with her worker's compensation claim, and whose opinion was consistent with other consulting physicians, therefore, the Court finds his opinion was considered and given adequate weight by the ALJ.

---

rejecting his opinion," and gave the treating physician's opinion its proper weight. *(R. at 375, 378.)* The subsequent ALJ decision of January 14, 2004 "adopt[ed] the portion of the prior [ALJ's] decision concerning the treating physician's opinion, and the weight to be accorded it, by reference as if set forth fully herein (Exhibits 3A and 10B)." *(R. at 356.)*

### D.  Plaintiff's Obesity

Plaintiff alleges that the ALJ failed to evaluate the effects of Plaintiff's obesity. *(Plaintiff's Memorandum, Doc. 11 at 14-15.)* Social Security regulations require an ALJ to consider the effects of obesity on a claimant's impairments.  20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.00(Q); see *Social Security Ruling* 02-1P.

At step four, the ALJ's duty is one of inquiry and factual development. *Henrie v. United States Dep't of Health and Human Services*, 13 F.3d 356, 360-361 (10th Cir. 1993).  However, also at step four, Plaintiff bears the burden of proving her disability and providing objective medical evidence to support her claims. *Andrade*, 985 F.2d at 1050.  Plaintiff failed to raise the issue of obesity in her application for benefits, failed to testify that obesity imposed limitations, and failed to provide objective medical evidence indicating obesity hindered her ability to perform a limited range of light work.

The ALJ indicated an awareness of Plaintiff's excess weight and noted the medical recommendations she lose weight when evaluating Plaintiff's residual functional capacity. *(R. at 354.)*  However, none of Plaintiff's physicians indicated obesity limited her ability to work, although there was mention of potential beneficial effects if she did lose weight. *(R. at 124, 134.)* Dr. Wellborn stated Plaintiff was a "very obese woman" but he indicated "she could work at a light work category." *(R. at 133, 135.)*  When questioned about the potential effect of weight loss on Plaintiff's back pain, Dr. Peinert stated "[s]he would just be thinner with a backache." *(R. at 192.)* Plaintiff fails to cite any objective medical evidence in the record to show that obesity affects her ability to engage in light work activities, consequently her argument that the ALJ failed to adequately consider her obesity is without merit.  *See Fields v. Barnhart*, 83 Fed. Appx. 993, 997

14

(10th Cir. 2003) (ALJ's conclusion that none of plaintiff's impairments were severe was proper as plaintiff failed to cite to any specific record evidence to show her obesity affected her ability to engage in basic work activities.) (unpublished); *see also Hall v. Shalala*, 1993 WL 261957 at \*\*2, n.1 (10th Cir. (Okla.)) (Plaintiff presented no objective medical evidence regarding the effect of his obesity on his ability to engage in work activities; therefore, his claim that the ALJ failed to adequately consider his obesity as disabling was without merit.)(unpublished).

### E. Plaintiff's Past Relevant Work and Her Residual Functional Capacity

Plaintiff alleges the ALJ failed to compare the requirements of Plaintiff's past relevant work with her residual functional capacity. *(Plaintiff's Reply, Doc. 13 at 1-3.)* Social Security Ruling 82-61 provides two different ways to determine whether a claimant can return to past relevant work. First, "where the evidence shows that a claimant retain the RFC [residual functional capacity] to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'" *Social Security Ruling 82-61* at \*2 (1982). Second, if a "claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy," which can be ascertained by consulting the Dictionary of Occupational Titles ("DOT"), a claimant should also be found not disabled. *(Id.)*

The second test, therefore, does not necessarily take into consideration all of the job duties actually performed in the past. In fact,

> [a] former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally

15

required by employers throughout the economy, the claimant should be found to be "not disabled."

*(Id.)*

The ALJ found that Plaintiff retained the residual functional capacity to perform the requirements of light work with some restrictions. *(R. at 357.)* The ALJ found that the evidence established Plaintiff had past relevant work as a grocery cashier. *(R. at 356.)* During the hearing on November 18, 2003, the ALJ asked the VE hypothetical questions and determined that the job of cashier was light work per the DOT. *(R. at 416, 419.)* The VE testified that Plaintiff could not perform the job of cashier as she had previously performed it because Plaintiff had lifted 25 pounds previously and the light work category limits lifting to 10 pounds frequently and 20 pounds occasionally. *(R. at 416.)* But the VE also testified that Plaintiff could perform the cashier job "if she performed it as it's performed in the regional economy." *(R. at 419.)* The Court finds that the ALJ properly determined that Plaintiff could perform light work with some restrictions, her past relevant work as a cashier as performed in the national economy met that criteria; therefore, the decision was made in accordance with the regulations and was based on substantial evidence in the record.

### F.  Step Five Evaluation

Finally, Plaintiff alleges that the ALJ misapplied the evidence at step four and deprived Plaintiff of a proper evaluation of her impairments by not going to step 5 of the sequential evaluation. *(Plaintiff's Reply, Doc. 13 at 3-5.)* Social Security regulations provide for a five-step evaluation process and if a claimant is found not disabled at any step, a decision is made and the evaluation does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Court finds that the

ALJ properly applied the evidence through step four and found Plaintiff not disabled; therefore, it was unnecessary to proceed to step five.

## V.  Conclusion

In conclusion, the Court **FINDS** that the Commissioner's decision is supported by substantial evidence in the record as a whole and comports with relevant legal standards.  Accordingly, the Court will **AFFIRM** the decision of the Commissioner.

**WHEREFORE, IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED** and *Plaintiff's Motion to Reverse Or Remand Administrative Agency Decision* (*Doc. 10*) is **DENIED**.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____*Lourdes A. Martínez*_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**